UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARLON P. BRAMWELL**<br>　　**FED. REG. #37553-004**<br>**VS.** | **CIVIL ACTION NO. 3:12-cv-0078**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN, F.C.I., McDOWELL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Marlon P. Bramwell filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on January 13, 2012. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institute, McDowell in West Virginia. Petitioner attacks his December 6, 1989, convictions for drug offenses in the matter entitled *State of Louisiana v. Marlon P. Bramwell*, Docket Number 48,831, Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the Fifth Circuit Court of Appeals.

*Background*

On December 6, 1989, petitioner pled guilty to charges of conspiracy to distribute cocaine and possession of more than 28 but less than 200 grams of cocaine. On February 8, 1990, he was sentenced to serve 2 ½ years at hard labor. Doc. 5, ¶1-7. His conviction and sentence were affirmed by the Second Circuit Court of Appeals on December 5, 1990. *State of Louisiana v. Marlon P.*

*Bramwell*, 572 So.2d 1208 (La. App. 2 Cir. 1990) (unpublished). Petitioner did not seek further direct review in the Louisiana Supreme Court.

Thereafter, he was found guilty as charged of another drug offense in the United States District Court for the Eastern District of Virginia. On April 3, 1992, he was sentenced to life imprisonment based upon the enhancement occasioned by the 1989 Louisiana conviction. *See United States of America v. Marlon Bramwell*, 1:91-cr-00429, United States District Court, Eastern District of Virginia. His conviction and sentence were affirmed by the Fourth Circuit Court of Appeals on January 13, 1993. *United States v. McKenzie, et al.*, 983 F.2d 1058 (4th Cir. 1993)(Table), *cert. denied*, 508 U.S. 954, 113 S.Ct. 2453. His motion to vacate sentence filed pursuant to 28 U.S.C. §2255 was likewise denied by the District Court and the denial of that motion was affirmed on appeal. *United States v. Bramwell*, 165 F.3d 20 (4th Cir. 1998)(Table), *cert. denied*, 528 U.S. 851, 120 S.Ct. 129 (October 4, 1999).

Meanwhile, sometime on April 14, 1993, petitioner filed a pleading in the Fourth Judicial District Court claiming that his guilty plea was invalid because trial counsel coerced him into pleading guilty by promising a suspended sentence. [Doc. 1-1, pp. 40-54] On May 11, 1993, the trial court denied relief noting that in the plea colloquy petitioner stated that no promises were made and that he was satisfied with the representation afforded by counsel. [Doc. 1-1, p. 19] On June 30, 1993, petitioner filed a *pro se* pleading entitled "Petitioner's Request for Extention;" on July 2, 1993, the trial judge denied relief noting, "Request for additional documents or additional copies of documents denied." [Doc. 1-1, pp. 20-21] On December 22, 1993, petitioner filed another "Motion for Extention of Time" and on March 8, 1994, the trial judge denied relief noting, "Relief previously denied. No further action necessary." [Doc. 1-1, p. 22]

On February 1, 1999, petitioner filed a *pro se* pleading entitled "Petition for Writ of Error *Coram Nobis* Based on an Undisclosed Conflict of Interest of Counsel Which Denied Defendant the Constitutional Right to Counsel" in this Court. The case was assigned civil action number 1999-cv-0233. In this original petition, petitioner argued that his attorneys labored under an undisclosed conflict of interest, that petitioner did not waive the conflict, and, that petitioner suffered from a continuing harm and prejudice from the unconstitutional conviction. Petitioner supported his claims for relief with an affidavit in which he professed his innocence and alleged facts in support of his conflict of interest claim. *Bramwell v. Warden*, No. 3:1999-cv-0233 at Doc. 1.

On April 19, 1999, United States Magistrate Judge Roy S. Payne construed the pleading as a petition for writ of *habeas corpus* (28 U.S.C. §2254) and recommended dismissal with prejudice as time-barred by the timeliness provisions of the AEDPA codified at 28 U.S.C. §2244(d)(1) and (2). [*Id.*, Doc. 4] Petitioner did not object to the Report and Recommendation and on June 7, 1999, United States District Judge Robert G. James adopted the Report and Recommendation and rendered judgment dismissing the proceedings with prejudice as "... time barred by the one-year limitation period imposed by the AEDPA." [*Id.*, Doc. 5]

Petitioner appealed and on March 21, 2000, the United States Fifth Circuit Court of Appeals issued its judgment as mandate. In so doing, the Court observed,

> A COA is not necessary to appeal from an order denying *coram nobis* relief. *United States v. Dyer*, 136 F.3d 417, 429 n. 32 (5th Cir.1998). However, as Bramwell wishes to challenge the validity of a prior state conviction used to enhance his current federal sentence, the district court lacked jurisdiction to entertain a request for *coram nobis* relief. *United States v. Morgan*, 346 U.S. 502, 508 n. 9 (1954). The appeal is dismissed with regard to Bramwell's request for *coram nobis* relief.
>
> Bramwell does not challenge the district court's denial of relief under §2254; therefore, he has failed to make a substantial showing of the denial of a constitutional

right with regard to that issue and his motion for a COA is denied. 28 U.S.C. §2253(c)(2).

*Bramwell v. Warden*, 208 F.3d 1007 (Table), 2000 WL 180767.

On some unspecified date petitioner filed a pleading in the Fourth Judicial District Court entitled "Supporting Facts, Arguments, and Memorandum to Motion for Extention of Time to File Reply to this Court's Decision." [Doc. 1-1, pp. 23-24] On November 30, 2009 the District Judge issued an order stating, among other things, "The record shows that Judge John Harrison hand wrote on defendant's 1993 pleading an order denying request for additional documents. Because the request for documents was denied, any request for extension of time was moot. Therefore, defendant's request was ruled on and denied in 1993, and under the showing made, defendant's request is hereby denied." [Doc. 1-1, p. 27]

Petitioner apparently sought review of this order in the Second Circuit Court of Appeals and on March 11, 2010 that court denied writs noting,

> The court declines to order production of documents it normally provides even in the absence of a showing of particularized need in cases in which the limitations of La. C.Cr.P. art. 930.8 has expired, unless the relator has made a showing of particularized need by filing an application which would fall under the exceptions of La. C.Cr.P. art. 930.8(A) [Citations omitted] The initial request for documents was denied by the trial court in 1993. The applicant has failed to prove that he is entitled to relief. [Citations omitted] Thus, this writ is denied.

*State of Louisiana v. Marlon Percy Bramwell*, No. 45,472-KH (La App. 2 Cir. 3/11/2010 at Doc. 1-1, p. 32.

The court denied petitioner's motion for reconsideration on April 27, 2010. [Doc. 1-1, pp. 33-34] Petitioner apparently sought further review in the Louisiana Supreme Court and on June 17, 2011, writs were denied. *State of Louisiana ex rel. Marlon Percy Bramwell v. State of Louisiana*,

2010-KH-1433 (La. 6/17/2011) [Doc. 1-1, p. 35]

Petitioner filed a deficient petition for *habeas corpus* (28 U.S.C. §2254) on January 13, 2012; the pleading did not conform to Local Rule 3.2 which mandates the use of a form. [Doc. 1] Petitioner was directed to amend his complaint and to utilize the form provided for state prisoners seeking *habeas corpus* relief in this district. [Doc. 4] On February 21, 2012, he complied with the order and submitted his petition on the appropriate form raising the following claims for relief: (1) the guilty plea was not knowingly and intelligently made because counsel tricked petitioner into pleading guilty; (2) attorneys were ineffective and lied to petitioner in order to secure his guilty plea; (3) counsel labored under an undisclosed conflict of interest; (4) counsel was ineffective on appeal; (5) petitioner suffers continuing harm and prejudice from the unconstitutional Louisiana conviction. Petitioner also alleged that the time limits established by 28 U.S.C. §2244(d)(1) were inapplicable to his case because the Louisiana Courts failed to rule on various *pro se* pleadings he filed or otherwise entered erroneous rulings to those pleadings. [Doc. 5]

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* Furthermore, the Fifth Circuit has determined that "an application filed after a previous application was fully adjudicated on the merits is a second or

5

successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

The petition filed by petitioner in 1999, *Bramwell v. Warden*, Civil Action No. 3:1999-cv-0233 was, as shown above, construed as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 and ultimately dismissed with prejudice as time-barred pursuant to 28 U.S.C. §2244(d). Such a dismissal constitutes an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *In re Flowers*, 595 F.2d 204, 205 (5th Cir.2009) (*per curiam*). The instant petition, which attacks the same conviction and sentence, is therefore subject to the prohibition against second or successive *habeas* petitions codified at §2244(b).

As previously noted, before a *habeas* petitioner may file a second or successive application in the district court, he must first obtain authorization from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

*In re Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the Fifth

6

Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's second and successive *habeas* petition until such time as the Court of Appeals authorizes such a filing.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

    In Chambers, Monroe , Louisiana, March 13, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE