UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARLON P. BRAMWELL** | **CIVIL ACTION NO. 12-0078** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN, FCI MCDOWELL** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

On January 13, 2012, Petitioner Marlon P. Bramwell ("Bramwell") filed a Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254. In his Petition, Bramwell attacks his December 6, 1989 convictions for drugs offenses in *State of Louisiana v. Marlon P. Bramwell*, Docket No. 48,831, Fourth Judicial District Court, Parish of Ouachita, State of Louisiana.

On March 13, 2012, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 8] in which she recommended that the Court find that Bramwell's Petition was a second and successive petition for writ of *habeas corpus* and that the Court transfer the Petition to the United States Court of Appeals for the Fifth Circuit because Bramwell had not obtained authorization to file the Petition.

On June 25, 2012, Bramwell filed a pleading styled, "PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59 [sic] (e)" ("Rule 59(e) Motion") [Doc. No. 13]. A motion made pursuant to Rule 59(e) permits the Court to alter or amend a previously entered judgment if the motion is filed within 28 days of the filing of the judgment. FED. R. CIV. P. 59(e). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.

Case 3:12-cv-00078-RGJ-KLH Document 15 Filed 06/28/12 Page 2 of 3 PageID #: 215

2002)). The Fifth Circuit has held that such a motion is not the proper place for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Rule 59(e) serves the purpose of "allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). While a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *overruled on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Rather there are two judicial imperatives relating to such a motion: (1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts. *Id.*

In this case, however, Bramwell has not presented any manifest errors of law or fact or presented newly discovered evidence. Bramwell argues that the Court should not have applied 28 U.S.C. § 2244(b) to find that his Petition was second and successive because that statute applies only if he actually raised claims in his first petition for writ of *habeas corpus* that were again raised in the instant Petition. Bramwell is incorrect.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, sets forth the requirements for filing successive *habeas corpus* petitions. The AEDPA does not define "second or successive," but the Fifth Circuit has held that a *habeas corpus* petition is second and successive if it "'(1) raises a claim challenging the petitioner's conviction or sentence that was **or could have been raised in an earlier petition**; or 2) otherwise constitutes an abuse of the writ.'" [Doc. No. 8, p. 5 (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (emphasis added)]. Bramwell does not deny that he could have raised the claims listed in the instant

Petition in his first petition, only that he did not actually raise the claims previously. Further, his prior petition was adjudicated on the merits, and Bramwell also does not contest this finding. Thus, his argument provides no basis for the Court to alter or amend its Judgment.

Accordingly,

IT IS ORDERED that Bramwell's Rule 59(e) Motion [Doc. No. 13] is DENIED.

MONROE, LOUISIANA, this 28th day of June, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE